DOWNEY, Judge.
The final judgment dissolving the marriage in this case also found the husband entitled to a special equity equal to a one-half interest in the marital domicile of the parties and a lot in Hernando County. Being aggrieved by this ruling, the wife appeals.
During their twelve year marriage both parties worked and by their joint efforts purchased a home in Orange County and a lot in Hernando County. Title to both properties was taken by the entireties. By 1969 the marriage began to deteriorate and the parties commenced discussing a divorce. During 1969 the wife claims the husband executed two crude documents evidencing an intention to give all of the property to the wife. The husband denies execution of said instruments.
In 1972 the husband executed two quitclaim deeds to the wife for the realty in Orange and Hernando Counties. He maintains the purpose of these conveyances was to enable her to obtain a loan from her credit union to obtain the proceeds to improve the lot in Hernando County; that she agreed to reconvey his interest after that had been accomplished. The wife testified that the execution of said deeds was the culmination of their preparation for the divorce proceeding; that he gave her the home, car and Hernando County lot in return for her promise not to request alimony in the divorce proceeding.
In his counterclaim the husband alleged the conveyances were fraudulently obtained by the wife by virtue of her representation that to borrow money from her credit union it was necessary for the title to be in her name alone and that she would return his interest therein after the loan was completed. He also claimed a special equity in the properties.
The final judgment under attack contains no findings except that the husband has a special equity in said properties to the extent of a one-half interest. However, the evidence does not support such a finding. After a voluntary conveyance between husband and wife in order to create a special equity in the grantor he or she would of necessity have to make some new significant contribution to the value of the property, either financially or in services, so that it would be inequitable for the grantee to retain the entire property without recognition of this special equity. The record here is devoid of any such evi *611 dence of any new contributions to the property by the husband.
Since the judgment is silent as to the husband’s claim that the wife obtained his interest in the properties by fraud, we feel the cause should be remanded for further consideration of that question. If upon further consideration of the evidence the trial court finds the property was conveyed with the understanding the husband’s one-half interest would be returned to him, then judgment should be rendered accordingly. In so doing the court may consider any appropriate questions involving the rights of the parties. On the other hand, if the trial court finds against the husband on his claim that the conveyances were induced by the wife’s fraud, the title to said properties should be retained by the wife.
Reversed and remanded for further consideration consistent with this opinion.
CROSS and MAGER, JJ., concur.